UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

———————————————————————————————

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                           Case No. 07-CR-0244-03

DEBORAH JUNIOR,

    Defendant.

———————————————————————————————

## ORDER

On September 9, 2007, the defendant, Deborah Junior ("Junior"), was indicted on two counts of knowingly and intentionally conspiring with others to distribute and possess with intent to distribute marijuana, a Schedule I controlled substance, in violation of 28 U.S.C. §§ 841(a)(1) and (b)(1)(A). (Docket #1). That December, the defendant consented to the terms of a plea agreement, where she voluntarily agreed to plead guilty to one count in her original indictment. (Docket #50). On March 20, 2008, Junior was sentenced to forty-five months in federal prison, followed by five years of supervised release. (Docket #75). The defendant did not appeal her sentence. (Docket #73). On September 9, 2009, the defendant, acting *pro se*, filed a "motion for consideration of a sentence modification," asking this court to reduce the sentence handed down on March 20, 2008. (Docket #91).

However, a district judge has only limited authority to alter sentences after imposition. *United States v. Smith*, 438 F.3d 796, 799 (7th Cir. 2006). Under the Sentencing Reform Act, district judges can only modify a term of imprisonment once it has been imposed if:

(1) In any case --

(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

(I) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

Here, the Director of the Bureau of Prisons has not made a motion to alter Junior's sentence, eliminating paragraph (A) of 18 U.S.C. § 3582(c) as a means by which this court could reduce the defendant's sentence. Moreover, the defendant has not been "sentenced to a term of imprisonment based on a sentencing range

that has subsequently been lowered by the Sentencing Commission," making paragraph (2) of 18 U.S.C. § 3582(c) irrelevant for the purposes of evaluating the present motion. Therefore, per paragraph (B) of 18 U.S.C. § 3582(c), the only way by which the court can modify Junior's imposed term of imprisonment is if there is a statute that expressly permits such an action or Rule 35 of the Federal Rules of Criminal Procedure allows sentence modification. There is no statute that the defendant directs to the court's attention to warrant her motion; the defendant merely asks the court to reconsider the goals of sentencing that the court already examined when Junior was originally sentenced. Moreover, Rule 35 merely authorizes a district judge to modify a sentence: (1) within seven days of its imposition to correct a technical error; or (2) on the prosecutor's motion to reward substantial assistance rendered after the sentence had been imposed. Neither of these circumstances pertains to Junior and, as such, the court lacks jurisdiction to modify the defendant's sentence as requested.

Accordingly,

**IT IS ORDERED** that defendant's motion for consideration of a sentence modification (Docket #91) be and the same is hereby **DENIED** for lack of jurisdiction.

Dated at Milwaukee, Wisconsin, this 22nd day of January, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge